Mr. Thomas was convicted in a jury trial of first degree murder, specifically in the case found that on January 19, 2010, defendant stabbed his wife Martha to death, knowing that his conduct was likely to result in death or great bodily harm. Jury also found that his conduct was accompanied by exceptionally brutal or heinous behavior indicative of wanted cruelty. Defendant was sentenced to a term of natural life imprisonment. The two issues are raised on appeal, and in both issues Mr. Thomas respectfully asked this court to reverse his conviction and to remand this cause for a new trial. He does so in the first issue because the judge erroneously denied several requests by the defendant to represent himself at trial, requests made both on the first and second days of trial. In addition, or alternatively in issue two, defendant seeks a new trial because the judge erroneously denied trial counsel's pretrial request that the defendant be examined by a psychiatrist in order to determine whether there was a viable defense of insanity. In argument today, I intend to focus upon the first issue involving the defendant's right of self-representation. Of course, if your honors have questions about the other issues, I'd be happy to address those as well. Fifty years ago, in Gideon v. Wainwright, the United States Supreme Court, of course, recognized a defendant's right to be represented by counsel at trial. Later, in Ferretta v. California, the Supreme Court held that that same constitutional provision allows a defendant to waive counsel and to proceed pro se. The only requirement is that he make a clear and unequivocal request of his desire to represent himself, and he must agree to abide by court procedures and not to disrupt proceedings. In addition, in Illinois, if a defendant exercises or invokes his right of self-representation, the judge is required to admonish the defendant under Supreme Court Rule 401A of the nature of the charge and the applicable sentencing range. In this case, the defendant made several requests to represent himself. They were all in the use of discretion and reversible error. Now, on the morning of the first day of trial, before opening statements and before any evidence was presented, defendant advised the judge that he was dissatisfied with his appointed counsel, and he explained that these misgivings had arisen only about a week before trial, when he and counsel had their first comprehensive discussion about the case. And it was then that the defendant learned for the first time that counsel would not be presenting the evidence that the defendant wanted to be presented. Judge asked counsel whether he was ready to proceed with trial. Counsel said yes, he had reviewed the state's discovery, was prepared to examine prosecution witnesses. The judge then asked counsel about this evidence that the defendant wanted to present. Counsel told the judge that he had not interviewed the defendant's witnesses. However, based on what he knew about the case and based on what the defendant told him about those witnesses, counsel did not believe these witnesses would give testimony that would be either relevant or helpful to the defense. Judge then said, well, the case is going to proceed to trial, and you'll be represented by this appointed counsel. At that point, defendant asked to proceed pro se with co-counsel. Judge said, no, I see no reason to appoint standby counsel. Defendant said, okay, in that case, I would like to represent myself by myself, but I'd like a continuance to prepare a proper defense. Judge said, this case has been pending for about a year, I'm not going to grant a continuance, we're going to trial this afternoon. And there was then a recess. When the parties reconvened for the afternoon session, defendant again complained about counsel. Judge basically rebuffed those complaints and were going to trial. The jury was selected and the trial began. The next morning, two prosecution witnesses testified. Defendant then told the judge outside the presence of the jury that he was still dissatisfied with counsel, and this time he was upset because counsel was not asking questions of these witnesses that the defendant thought should be asked. The judge said, well, that's a matter of trial strategy. However, you do have the right to represent yourself. The defendant at that point reasserted his right to represent himself. At this point, he did not ask for co-counsel, he did not ask for a continuance. He said he was ready to go. And the judge said, that request is denied. And the case continued. Defendant was ultimately found guilty. Now, as your honors can see from this recitation of the facts, clearly the defendant, on the first day of trial, accompanied his request to proceed pro se with a request for a continuance. And a trial judge, of course, has quite a bit of discretion whether or not to grant a continuance, and certainly can consider that that request was being made for the first time on the day of trial. The judge can therefore consider whether this request is simply a delaying tactic. And the state argues on appeal that this was a dilatory tactic. But defendant submits the record does not bear that out. Again, the defendant told the judge that his dissatisfaction with counsel only arose about a week prior to trial, when they had their first chance to sit down and discuss the case. And notably, counsel did not dispute that assertion. Counsel didn't say, oh, we've had several discussions, he knew weeks ago what I was going to present, how I was going to handle the case. No, he did not dispute that assertion. So there's no showing here that this was a dilatory tactic. It appears simply that there was an honest dispute, and defendant was now bringing it to the judge's attention. The judge, of course, can also consider whether or not to grant a continuance, whether there might be prejudice to the state. Now, the state and the trial court never opposed defendant's request to represent himself. The state did, however, oppose the request for a continuance, telling the judge that the arresting officer in the case was an important prosecution witness, but that officer was going to be leaving town soon on military duty, and would not be available if the trial were continued. Well, trial counsel pointed out that the parties could simply depose that witness. That deposed testimony could then be presented at a future trial if the case were continued and the officer were unavailable. In addition, and the judge made no particular response to that assertion by counsel, in addition, the record shows that there were two arresting officers here. Now, the second officer did not testify at this trial, but there was no showing that he was unavailable or would have been unavailable had the case been continued. Defendant therefore submits that there's really no showing of prejudice here to the state had the case been continued. And given all the circumstances, defendant submits that the refusal to grab the continuance, it could have been a short continuance, to allow the defendant to prepare a defense, he should have done that, his failure to do it was an abuse of discretion. However, having said that, even if your honors feel that the judge was within his discretion to deny that continuance on the first day of trial, and thus deny the request to proceed pro se on the first day of trial, when the defendant reasserted his desire to go pro se on the second day of trial, he was no longer requesting a continuance, he apparently was ready to jump right in, for better or for worse, and the judge flat out denied it, and the defendant submits there was no just reason to deny it at that point. The state suggests on appeal that perhaps if the defendant would have been allowed to jump in in the middle of the trial, it might have somehow interfered with defense counsel's strategy. Counsel testified here at a post-trial hearing that the defense he presented was one of reasonable doubt, and he explained what he meant by that was simply cross-examining prosecution witnesses, attempting where possible to poke holes in their testimony, attempting where possible to show some minor inconsistencies. The defense rested here without presenting any evidence, and at that post-trial hearing, counsel acknowledged that the state's case was overwhelming. I'm not faulting counsel here, you work with what you've got, but I'm merely saying this to illustrate the fact that defendant would not have interfered with any complex defense strategy had he been allowed to represent himself on the second day of trial. Even if he might have damaged his case or interfered with strategy, here it wouldn't have really made a difference because this is one of those rare circumstances where the defendant really has no burden to show prejudice. He has no burden to show that had he been allowed to represent himself, he would have been better off, that he would have likely been acquitted or perhaps convicted of a lesser offense. He has no such burden at all. In fact, in McCaskill v. Wiggins, a U.S. Supreme Court decision that I cited in the reply brief, the United States Supreme Court candidly observed that where a defendant invokes his right to self-representation, in all likelihood, the outcome of the trial is not going to be a positive one for the defendant. But the important thing is his right to choose whether he wants counsel or whether he wants to present his case in his own way without counsel. And there is no harmless error analysis in this type of situation. Somewhat similarly, in Gideon v. Wainwright and Powell v. Alabama, a previous Supreme Court decision that's discussed in Gideon,  but the fact remains it's his choice. Now, I think as lawyers, it might be common to view the right to waive counsel and to proceed pro se as something of a weak sister to the right to counsel. But again, the Supreme Court tells us there are equal rights. It's up to the defendant. It's his choice. In this case, his choice was not honored despite the fact that he made several requests to proceed pro se. The defendant submits that the judge's denials of these requests violated Feretta v. California, violated Supreme Court Rule 401A. And for these reasons, Mr. Thomas respectfully asks your honors to reverse his conviction and to remand the cause for a new trial. I have one question, Mr. Fisher. And I don't know that it's a particularly relevant question. But is the response of the attorney, the defense counsel, that he's prepared to cross-examine the state's witnesses without more tantamount to saying that he's ready for trial? Well, your honor asked a good question. Perhaps counsel felt that was the only defense that he could present in this case. It troubles me, frankly, that although counsel was dubious based on what he knew about the case, and that although based on that he didn't feel the defendant's witnesses would have anything useful or helpful to add, it bothers me that nonetheless he had not even interviewed those witnesses. You mean the income tax witnesses? I'm sorry, your honor? The income tax fraud witnesses. Well, unfortunately there was never an offer of proof by anyone here, so we don't know exactly what the witnesses would have said. Based on counsel's comments, it appears that the defendant believed that these individuals might be able to testify that his wife was trying to involve him in some legal illegality, legal wrongdoing of an income tax violation and some sort of a conspiracy to injure him. Certainly the fact that counsel gave the response that your honor noted that he did to the judge, the judge certainly, I think, could have interpreted that as saying, well, even counsel's not particularly prepared here. Again, defendant's primary concern here on appeal is that since he wanted to proceed pro se, that his choice should have been honored whether or not counsel was prepared, although I think certainly the judge could have looked at that and said, well, all the way around, the defendant's better off with the continuance whether he's going pro se or whether his counsel is continuing to represent him. And were 402 admonishments given? No, no. The judge never admonished the defendant at all. And it's odd, I think, but the judge, again, he brought up the possibility of the defendant representing himself, but when the defendant asserted that right, the judge simply said no and never really explained why. Interestingly, the judge, I don't believe, even said it was dilatory.  But even on the second day when the defendant apparently was ready to jump right in, the judge gave no reason for denying the request, simply said your request was denied. Let's proceed. Thank you. Thank you, Mr. Fisher. Ms. Kelly? May I please report, counsel? Dilatory requires that a request to represent yourself be clear and unequivocal, and that is not what the defendant did in this case. It's the people's belief that the issue regarding his witnesses was, in fact, discussed in one of the pretrial conferences, I believe, on the 13th. Counsel was aware of the witnesses that defendant wanted to call. He had not interviewed them, but he must have known from reports what they were likely to say. I believe in the supplemental record there is even an indication of a bit of an awful proof, and he goes and talks with the defendant, and he comes back down and says, I'm aware of what they're going to say. So the issue of the witnesses did come up prior to the trial date. It was discussed before in court. And then we actually do have a bit of a record as to what those witnesses would say because the people had subpoenaed the witnesses, and they were there at trial. And at the end of the people's case, the court took a recess so that the defense counsel could interview them, and then he came back and made a record as to why he wasn't going to call those witnesses. In fact, after he made the record with regard to the first witness, the defendant said, oh, yeah, I wasn't really wanting to call that one, but it's the second one. And he had repeatedly told the judge this theory, and it was a theory that strategically was not, you know, counsel told him it was not a good strategy, and I believe at one point the court agreed. Next panel. If hypothetically you were a defendant in a criminal case and you were represented by an attorney who conducted himself the way this one did, would you feel you had a fair trial? And you're judging this at the end of the trial? I'm judging it anywhere you want to judge it. Okay. I have not looked at the case that way. I do think that counsel, as you know, defense counsel are not required to manufacture a defense, and I think in this case I also think that counsel indicated on the record that he had met with the defendant other times than just that one time in the jail, two weeks prior to trial, and the defendant belittled that. I don't know. I didn't give it any thought. I didn't look at it that way. Is there any indication that his attorney had done anything? His attorney was familiar with the facts of the case and knew what the witnesses that the defendant wanted would say. In fact, during that pre-trial hearing, he said that he had had the names of the witnesses and read the report that the defendant had just given him more correct information as to how to contact them. So he did that trial preparation. And then the second issue with regard to defendant's request that he look into the temporary insanity issue, counsel asked for a continuance to look into that, which he was given for four or five days. We don't know. We don't have a complete record on what counsel did. It was a difficult case to defend. The defendant stabbed his wife 38 times in a car full of people, a five-year-old with a direct view of it, and was caught with a knife in the purse that she had taken. He was angry about the order of protection, and it was a very difficult case to defend. The defendant wanted counsel to raise the defense of self-defense, but when there's no evidence there, it's hard to do it. And I think the defendant was looking to continue the case. I think his request to represent himself was not clear and unequivocal, and therefore the court did not use its discretion in denying that request. Then the second request, after the trial had already started, what was not clear and unequivocal about that? That was more clear, but it was mid-trial, which I think is a trickier time for the judge to stop everything and give admonitions and explain to the jury or not why counsel is no longer there. And I agree that it would be nice if the judge had asked more questions. I believe the defendant did say, I would like to represent myself, so if there's anything that happened, it will be on me. And that was more clear, but I think it was untimely. We also acknowledged that he and his attorney were communicating, didn't they? At that point? Yeah, I think he did right before that. And also the judge gave him every explanation to, gave him every opportunity to explain what witnesses he wanted to present, what questions. He said counsel wasn't asking the questions I wanted to ask, and that was aired and explained. So I think he was perhaps dissatisfied with counsel's strategy, although there was no other winning strategy. And does the state agree that he was not given 402 admonitions? Yes, I do. Yes, we do agree with that, that the judge never did do that on either of the two occasions at which he asserted. Although I certainly believe the pretrial one, the one at the beginning of trial, was quite a critical one. You're asking to represent yourself with co-counsel, and I need more time. I need to prepare my defense. I don't have my paperwork. You were coming to court today. I don't have my paperwork. So that was not an unequivocal request for trial, and that puts this in the case where the defendant makes an ambiguous request for counsel and loses his case and then comes back in and says, I want to represent myself. Or had counsel been allowed out, he would say, I didn't really want my counsel out. It allows him to have that trick up his sleeve. People submit that the trial judge's ruling that counsel would stay in the case was non-divusive discretion, as the defendant never clearly wanted to represent himself. He just wanted to continue the case. Any other questions? Thank you, Ms. Kelly. And Mr. Fisher? The state argues that your counsel made a record as to what these witnesses would have said. Again, although there was some discussion by counsel, some rather summary comments, there was no offer of proof in terms of the witnesses actually taking the stand, so the details, particulars of their testimony, is unknown to us from this transcript. Nonetheless, based on what we do have here, certainly honors could look at that and say, well, it doesn't look like there's much there, and it appears that maybe counsel made a wise decision not wanting to call them, but in the end, as to this particular issue, it doesn't matter. Because again, the burden is not on the defendant to establish that he has a better defense to present than trial counsel's going to present, or that he has a good defense at all to present. What he does, he simply has to make an unequivocal request to represent himself, and that's his choice, and his choice must be honored. The state argues it's not unequivocal. Defendant submits it is. Your honors, of course, will read the record. Again, as I noted, the first couple of requests were accompanied by other conditions, if you will, co-counsel or continuance. But he was certainly unequivocal each time going pro se. The state has cited some cases where a defendant says, well, okay, I want to go pro se, or have counsel, or this or that. This is just one option. He makes a couple of requests for other things to happen. Those are denied, and then he comes up with pro se at some point in time. Here, each and every time, he has to go pro se, and again, the final request was without any conditions whatsoever. One interesting thing I thought about the record here is that the post-trial hearing stage had a different judge and a different defense attorney, and when this issue of self-representation was raised at that point, judge asked counsel, well, what's the prejudice that he was not allowed to represent himself? Counsel said the prejudice was that he was not able to get his defense before the jury. As I explained, however, he has no need to show that had he done that, that he would have been successful. If I could just briefly quote your honors, for example, in Feretta, the court says, it's surely true that the basic thesis of prior Supreme Court decisions, such as Gideon versus Wainwright and Powell versus Alabama, is that the help of a lawyer is essential to ensure the defendant a fair trial. The court goes on, however, to say that it's the defendant who must be free personally to decide whether, in his particular case, counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored. And in McCaskill versus Wiggins, the court says the pro se defendant is entitled to preserve actual control over the case he chooses to present. That is the core of the Feretta right. Here, the defendant made every attempt he could, short of contempt of court, made every attempt he could to assert his right of self-representation. The judge denied each and every one. And whether he would have been better off or not is completely immaterial. It's his right, his choice, that simply was not honored in this case. And that's why he respectfully submits that he should be entitled to a remand for a new trial. Thank you very much, Mr. Fisher. Thank you. Thank you both for your argument today. We will take this matter under advisement and get back to you with a written disposition within a short day. And we'll now adjourn to the next case.